Fry, J.
Waving .the question, whether by the statute of 1822-3, eb. 34. § 1. the legislature designed to punish by indictment as for a misdemeanour, the wilful taking and carrying away personal property of any kind whatever, or only property ejusdem, generis with that specially there enumerated, this court is of opinion, that the second and third counts of.the indictment, which are founded on that statute, are fatally defective, in not averring that the property taken by the defendant belonged to Flowers and to Marsh, respectively. JSron constat but that it belonged to the defendant himself. The offence mentioned in the statute, consists in unlawfully taking away the property of another ; and it ought to appear by the indictment, that it is the property of another; for every indictment ought to shew, with certainty, that the accused is guilty of the offence punished by the law.
Upon the first count, there is more difficulty. But the court is of opinion, that the taking of the horse there charged, is not so described as to constitute a breach of the peace. It is charged, that the taking was “ unlawful and injurious and though the usual phrase “ with force and arms” is previously inserted, these words alone do not imply such a force as will sustain an indictment. If connected with the description of an ordinary trespass only, they do not shew such a violence as is indictable. Rex v. Storr, 3 Burr. 1698. Rex v. Bake & al. Id. 1731. Rescue seems applicable only to the forcible delivery of a person from arrest or imprisonment, or to the recaption of goods distrained for rent or damage feasant. 6 Bac. Abr. Rescue. A. p. 87. But, without deciding, whether if the property had been taken from the sheriff himself, in the manner stated in this count, it would have been an indictable offence, it seems to the court, that to make it such when the taking is from his private bailee, the defendant should know in what right the *678 bailee held the possession. The property was his own : if found in the possession of the sheriff, the defendant might be held to know his office, and to be informed of the authority for his acts; and if he took the property from him, he would do it with knowledge and at his peril; but not so in the case of the private bailee. The taking from the private bailee, without knowledge that the property had been distrained by the sheriff, and committed by him to the keeping of the bailee, would be no offence : the defendant could not be presumed or held to know, by what authority he possessed it. 6 Bac. Abr. Rescue. C. p. 89. Now here, it is not averred, that the defendant knew that the property had been distrained by the sheriff, and left by him with jFlowers. For aught that appears, he might have been wholly ignorant of it. And the court thinks, that the omission is not cured by the statute of jeofails, 1 Rev. Code, ch. 169, <§> 44. p. 611. For the indictment might,have been found true, without any proof of such knowledge in the defendant as was a necessary ingredient to constitute a misdemeanour; and, as it is not necessary to prove what is not averred, we are not to presume that such proof was adduced’ at the trial. This first count though, at common law, might, indeed, be sustained, if the offence were so described in it, as to bring the case within the influence of the statute of 1822-3, ch. 34. <§> 1. on which the other two counts are founded. But, without deciding whether the statute would apply to the taking of such property in the manner alleged, it is sufficient to say, that the offence is not charged in this first count, substantially, in the terms of the statute : it is not there charged, that the taking was “ knowingly and wilfully, without lawful authority.”